UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )       Chapter 7
MICHAEL JOHN PFEILER,               )
LORI ANN PFEILER,                   )       Bankruptcy No. 09-02815
                                    )
        Debtors.                    )

**ORDER RE: U.S. TRUSTEE'S MOTION TO DISMISS**

This matter came before the undersigned on February 18, 2010 on U.S. Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1) and (3). Attorney John Schmillen represented U.S. Trustee. Debtors Michael and Lori Pfeiler appeared with Attorney Stuart Hoover. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

U.S. Trustee requests dismissal under § 707(b). Debtors have reaffirmed debt secured by two Yamaha ATV's. The U.S. Trustee argues that creditors should not be required to subsidize these recreational vehicles. Debtors could pay at least $175 per month, the amount of the payments on the ATV loan, to creditors in a Chapter 13 plan.

Debtors respond the ATVs are primarily used for snow removal. They also assist in weekly ball diamond prep as a service to the City. Debtors' son helps pay for one of the ATVs with odd jobs. In addition, Debtor Michael Pfeiler has new medical costs which arose postpetition.

After the hearing, on March 4, 2010, Debtors rescinded the Reaffirmation Agreement with HSBC Bank Nevada, N.A. which reaffirmed the debt secured by the two Yamaha ATVs. They also filed amended schedules and statements. Their statement of intention indicates they intend to surrender the two ATVs to the secured creditor. Amended Schedules I and J are updated to show Debtors' current income and expenses as stated on the record. They now report negative monthly net income of -$80.54. Amended Form 22A results in a determination that the § 707(b)(2) presumption that Debtors could pay a significant amount to creditors over time does not arise.

The Court has reviewed the entire record, including the U.S. Trustee's Motion and related documents and Post-Hearing Brief.

The U.S. Trustee focuses on Debtors' reaffirmation of the debt secured by the two ATVs as grounds for dismissal. He argues that the $175 monthly payment is not a reasonable and necessary expense and could be used to fund a Chapter 13 plan. Since Debtors have rescinded the objectionable Reaffirmation Agreement, the U.S. Trustee's § 707(b) Motion has little, if any, support in the record. The Court has reviewed the totality of the circumstances in this case, and concludes that grounds do not exist to dismiss this case under § 707(b)(1) or (3). As such, the U.S. Trustee's Motion to Dismiss should be denied.

**WHEREFORE**, U.S. Trustee's Motion to Dismiss Pursuant to 11 U.S.C. §§ 707(b)(1) and (3) is DENIED.

DATED AND ENTERED: March 10, 2010

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE